IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PATRICK RONALD RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3036 |
| | ) | |
| v. | ) | |
| | ) | |
| DIANA SABATKA-RINE, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's Motion for Leave to Proceed In Forma Pauperis ("IFP") (Filing No. 2). As set forth in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot:

> [B]ring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The following three cases or appeals brought by plaintiff were dismissed because they failed to state a claim upon which relief may be granted or because they were frivolous:

- *Russell v. Whitson*, No. 4:94CV3306 (D. Neb.), dismissed for failure to state a claim upon which relief may be granted on November 4, 1994.

- *Russell v. Pehrson*, No. 4:94CV3297 (D. Neb.), dismissed as frivolous and for failure to state a claim upon which relief may be granted on November 8, 1994, and March 20, 1995.

- *Russell v. Clarke*, No. 4:91CV3184 (D. Neb.), appeal dismissed as frivolous on November 6, 1991, and affirmed as frivolous on January 13, 1991.

The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim in forma pauperis. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (recognizing without discussion the dismissal of plaintiff's pre-PLRA claims in determining his number of strikes). Accordingly, plaintiff has until **June 6, 2011,** to show cause why he is entitled to proceed IFP pursuant to 28 U.S.C. §1915(g). Alternatively, plaintiff may pay the full $350.00 filing fee no later than **June 6, 2011.** In the absence of good cause shown or the payment of the full filing fee, plaintiff's complaint will be dismissed without further notice.

IT IS ORDERED:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Filing No. 2) is denied. Plaintiff has until **June 6, 2011,** to either show cause why he is entitled to proceed IFP pursuant to 28 U.S.C. §1915(g) or pay the full $350.00 filing

fee.  In the absence of either action by plaintiff, this matter will be dismissed without further notice.

    2.   The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: June 6, 2011:  deadline for plaintiff to show cause or pay full filing fee.

    DATED this 9th day of May, 2011.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court

---

    *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.